UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOSEPH JAMISON,

       Petitioner,

                                                          CASE NO. 14-13658
v.                                               HONORABLE ARTHUR J. TARNOW

DAVID BERGH,

       Respondent.
_____/

## ORDER SUMMARILY DISMISSING THE HABEAS PETITION

### I.  Background

      This matter is pending before the Court on petitioner Robert Joseph Jamison's *pro se* habeas corpus petition under 28 U.S.C. § 2254.  Petitioner is a state inmate currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan.  He alleges that he was convicted in two separate cases of lying to a peace officer.  He pleaded guilty to the crime in Lenawee County Circuit Court, and on October 10, 2013, the trial court sentenced him to imprisonment for twenty-four to forty-eight months in one case and sixteen to twenty-three months in the other case.  Petitioner alleges that he wrote to the state trial court about certain erroneous information contained in his pre-sentence report, but the court did not respond to his complaint, and he did not seek further review in a higher state court.

*Jamison v. Bergh*, No. 14-13658

Petitioner filed his habeas corpus petition in this Court on September 19, 2014. His grounds for relief appear to be: (1) he is being denied medical treatment by the prosecuting attorney's office and the Lenawee County Probation Department; (2) a probation officer placed the results of a polygraph test in his pre-sentence report without his consent; (3) false warrants were issued for his arrest;[1] the probation officer failed to investigate the warrants and used the information when calculating the state sentencing guidelines; additionally, the state district court applied Petitioner's payment of costs, fines, and restitution to the wrong case; (4) Lenawee County probation officer Joanne Holly failed to investigate and correct information regarding three Inkster warrants for Petitioner's arrest, and she used this information to enhance Petitioner's state sentencing guidelines; and (5) Officer Holly erroneously listed three misdemeanor assaults in Petitioner's pre-sentence report.

## II. Analysis

A preliminary question is whether Petitioner exhausted state remedies for his claims. The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state court before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). To properly exhaust state remedies, a petitioner must fairly present the legal and factual basis

---

[1] Petitioner made similar claims about the pre-sentence report and warrants in a civil rights case assigned to this Court. *See Jamison v. Lenawee Cnty. Probation Dep't, et al.*, No. 14-13995 (E.D. Mich. Oct. 16, 2014).

*Jamison v. Bergh*, No. 14-13658

for each claim to the state court of appeals and to the state supreme court before raising the claims in federal court. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). A district court ordinarily must dismiss habeas petitions containing both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), but a court may deny a habeas petition on the merits, despite the petitioner's failure to exhaust available state remedies, 28 U.S.C. § 2254(b)(2).

Petitioner concedes that he has not exhausted state remedies for any of his claims. The Court nevertheless excuses the failure to exhaust state remedies, because none of Petitioner's claims warrant habeas relief. The contention that Petitioner is being denied medical treatment (claim one) is a challenge to the conditions of confinement. Such challenges are more appropriate in a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Petitioner's other claims lack merit or are not cognizable on habeas review. His allegations about the contents of his pre-sentence report (claims two and five) lack merit, because "the mere presence of hearsay or inaccurate information in a [pre-sentence report] does not constitute a denial of due process." *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2nd Cir. 1998). Petitioner's allegations about the pre-sentence report raise "state law issues, and 'federal habeas corpus relief does not lie for errors of state law.' " *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's challenge to the scoring of the sentencing guidelines

3

*Jamison v. Bergh*, No. 14-13658

(claims three and four) also does not raise a cognizable claim on habeas review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

As for the state district court's mis-application of Petitioner's payment for costs, fines, and restitution (claim three), the error does not rise to the level of a constitutional violation. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Furthermore, exhibits to the petition indicate that Petitioner was given all the relief to which he was entitled. The state court corrected the error and then discharged Petitioner from probation. *See* Pet. for Writ of Habeas Corpus, ex. C.

### III. Conclusion

Petitioner has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, his habeas petition is summarily dismissed. This dismissal is pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "which which allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.' " *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting Rule 4).

*Jamison v. Bergh*, No. 14-13658

Habeas claims two through five are dismissed with prejudice. The first claim is dismissed without prejudice to Petitioner's right to litigate that claim in a civil rights complaint.

### IV.  Regarding a Certificate of Appealability

The Court declines to issue a certificate of appealability, because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Further, reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues presented deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner nevertheless may proceed *in forma pauperis* on appeal if he appeals this Court's decision, because he was granted *in forma pauperis* status in the District Court.  Fed. R. App. P. 24(a)(3).

                                         S/Arthur J. Tarnow
                                         Arthur J. Tarnow
                                         Senior United States District Judge

Dated: December 2, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 2, 2014, by electronic and/or ordinary mail.

                                         S/Catherine A. Pickles
                                         Judicial Assistant